UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-CV-62381-DIMITROULEAS/VALLE

SONIA BADILLO,

     Plaintiff,

v.

THE SAM PERKS COMPANY,
LLC d/b/a PERKS HOSPITALITY
MANAGEMENT et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiff's Verified Motion for Attorney's Fees and Non-taxable Costs (ECF No. 64) (the "Motion"). Attorney Elliot Kozolchyk, of Koz Law, P.A. ("Counsel"), represented Plaintiff in connection with Plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 216 (the "FLSA"). United States District Judge William P. Dimitrouleas has referred the Motion to the undersigned for appropriate resolution. (ECF No. 65).

Accordingly, having reviewed the Motion, Defendants' Response (ECF No. 66), Plaintiff's Reply (ECF No. 67), Defendants' and Plaintiff's Supplemental Authority (ECF Nos. 68, 74), and being otherwise duly advised in the matter, the undersigned recommends that the Motion be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiff be awarded **$54,525** in fees and **$350** in non-taxable costs.

## I.     BACKGROUND

In November 2020, Plaintiff filed a Complaint and Statement of Claim alleging that Defendants violated the FLSA's minimum wage and overtime provisions. (ECF Nos. 1, 1-3). In

the Statement of Claim, Plaintiff estimated her unpaid minimum wages at $21,904.63 and unpaid overtime wages at $11,000.82, totaling $32,905.45 in damages ($65,810.90 when adjusted for liquidated damages).  (ECF No. 1-3).  The case proceeded to trial in March 2022, and the jury awarded Plaintiff full relief.[1]  Thereafter, the Court entered a Final Judgment in the amount of $52,528.80 in favor of Plaintiff and against Defendants.  (ECF No. 58).  As the prevailing party, Plaintiff filed the instant Motion for attorney's fees and non-taxable costs.  (ECF No. 64).

In the Motion, Plaintiff seeks $65,430 for 145.4 hours worked at a rate of $450 per hour.[2] (ECF No. 64 at 2).  Plaintiff also seeks $350 in non-taxable mediation cost.  *Id.* at 5.  Notably, Defendants do not oppose Counsel's hours nor recovery of the mediation cost.  *See* (ECF Nos. 64 at 2, 66 at 1).  Rather, Defendants' "sole opposition" is Counsel's hourly rate, which they argue should be capped at $375 per hour.  *See* (ECF No. 66 at 1).

## II.   DISCUSSION

### A.   Plaintiff is Entitled to Fees under the FLSA

Under the American Rule, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact.  *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005).  Here, the FLSA provides for attorney's fees (and costs) to the prevailing party.  29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.").  In the FLSA context, a "prevailing party" is one who obtains

---

[1] At trial, Plaintiff requested 20% less than what she initially sought in her Complaint and Statement of Claim.  *See* (ECF No. 64 at 1 n.1).

[2] Counsel's billing records, attached to the Motion, list the total number of hours worked at 148.6.  *See* (ECF No. 64-1 at 5).  However, in the Motion, Plaintiff requests attorney's fees based on 145.4 hours worked.  *See* (ECF No. 64 at 2).  Without explanation as to why there's a discrepancy, the undersigned construes Plaintiff's request in the Motion as the hourly amount at issue before the Court.

either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Human Res.*, 532 U.S. 598, 603-04 (2001)).

Although Defendants acknowledge Plaintiff's entitlement to attorney's fees and costs, they nonetheless challenge Counsel's hourly rate as excessive. *See* (ECF No. 66 at 1). Based on the record, the undersigned finds that Plaintiff is entitled to reasonable attorney's fees as a prevailing party resulting from the Court's entry of Final Judgment. *See* (ECF No. 58).

### B.     The Lodestar Method of Determining Reasonable Fees

The determination of reasonable attorney's fees under the FLSA "is left to the sound discretion of the trial judge . . . ." *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)). In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see

that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 131 S. Ct. 2205, 2216 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

  1.  *Reasonable Hourly Rate*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant market is "the place where the case is filed." *Barnes,* 168 F.3d at 437 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488

F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[3]  The Court also "'may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'"  *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiff seeks an award for the legal services of her Counsel, at an hourly rate of $450.  *See* (ECF No. 64 at 2).  Counsel is the sole shareholder and founder of Koz Law, P.A.  *Id.* at 4; *see also* State Bar of Florida, Member Profile of Elliot Ari Kozolchyk, https://www.floridabar.org/directories/find-mbr/profile/?num=74791 (last visited September 23, 2022).  Counsel has been practicing employment law for more than 12 years.  (ECF No. 64 at 4).  He graduated from Temple University Beasley School of Law and is a member of the Florida Bar and the Bar of this District.  *See* Koz Law, P.A., Attorney Profile of Elliot Kozolchyk, https://www.paychecklawyers.com/attorney-profile (last visited September 23, 2022).

The undersigned has considered the relevant *Johnson* factors, counsel's billing records, and the record in this case.  Based on this review, and the Court's own judgment and experience, the Court finds that $375 is a reasonable rate for Counsel's services and will adjust the hourly rate accordingly.  This Court and other courts in this District have awarded Counsel fees at the hourly rate of $375 in similar FLSA cases as recently as June 2022.  *See, e.g.*, *Walker v. Grampa's Real Estate Inc.*, No. 20-CV-61557, 2022 WL 2789967, at *2 (S.D. Fla. June 29, 2022); *Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at *6 (S.D. Fla. Aug. 31, 2020); *Dorisma v. Park One of Fla., LLC*, No. 19-CV-20919, 2020 U.S. Dist. LEXIS 66100, at *7-8 (S.D. Fla. Apr. 13, 2020); *Philipps v. SC Cap. Ventures, Inc.*, No. 19-CV-62555, 2020 U.S. Dist. LEXIS

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

45169, at *6-7 (S.D. Fla. Mar. 13, 2020); *Mehta v. IQLOGG, Inc.*, No. 19-CV-61823, 2019 U.S. Dist. LEXIS 229182, at *1-2 (S.D. Fla. October 11, 2019); *Figueroa v. Grampa's Real Estate Inc.*, No. 18-CV-63083, 2019 U.S. Dist. LEXIS 75348, at *4 (S.D. Fla. May 2, 2019).

    2.   *Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the hours expended by Counsel.  As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment."  *Hensley*, 461 U.S. at 434.  That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel."  *Norman,* 836 F.2d at 1301 (quotation marks and citations omitted).  Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them."  *Barnes*, 168 F.3d at 428.  The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action.  *Id.* at 427, 432-33.  In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Plaintiff requests fees for 145.4 hours of Counsel's work supported by billing records. (ECF No. 64 at 3; ECF No. 64-1).  Defendants do not contest Counsel's hours.  *See* (ECF Nos. 64 at 2, 66 at 1).  Accordingly, based on the lack of opposition and having reviewed Counsel's billing records, the undersigned finds that the hours expended by Counsel are reasonable.  Thus, Plaintiff should be awarded fees for 145.4 hours expended by Counsel.

In sum, Plaintiff should be awarded **$54,525** in attorney's fees (for 145.4 hours at the reduced rate of $375/hr).

## C.      Costs

Under 29 U.S.C. § 216(b), reasonable costs are recoverable.  Here, Plaintiff requests reimbursement of $350 for the cost of mediation.  *See* (ECF No. 64 at 5); (ECF No. 64-2). Defendants do not oppose the cost.  *See* (ECF No. 64 at 2); (ECF No. 66 at 1).  The undersigned finds that the $350 cost of mediation is recoverable.  *See Wen Liu v. Univ. of Miami, Sch. of Med.*, No. 13-CV-22187, 2018 WL 4613326, at *4 (S.D. Fla. Sept. 26, 2018) (finding $250 non-taxable cost of mediation recoverable).  Consequently, the undersigned recommends that Plaintiff be awarded $350 for the cost of mediation.

## III.  **RECOMMENDATION**

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Motion be **GRANTED IN PART**.  Counsel should be awarded a **$54,525** in attorney's fees and **$350** in non-taxable costs.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b).  Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2022); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on September 26, 2022.

ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge William P. Dimitrouleas
    All Counsel of Record